**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MOVORA LLC (f/k/a OSSIUM NEWCO LLC); OSSIUM BIDCO, LLC; and VETERINARY ORTHOPEDIC IMPLANTS, LLC (f/k/a VETERINARY ORTHOPEDICS IMPLANTS, INC.),

   Plaintiffs/Counterclaim Defendants,

  v.

CLAUDE GENDREAU; THE CLAUDE GENDREAU INVESTMENT TRUST U/A/D MARCH 16, 2013; PATRICK GENDREAU; BRIAN BEALE; and TIMOTHY VAN HORSSEN,

   Defendants/Counterclaim Plaintiffs.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N23C-05-034 MAA CCLD

## <u>ORDER GRANTING BELATED REQUEST REGARDING DOCKET ENTRY BASED ON COUNSEL'S EXCUSABLE NEGLECT</u>

1. On December 2, 2024, this Court issued its Memorandum Opinion resolving Plaintiffs/Counterclaim Defendants' Motion for Summary Judgment and Defendants/Counterclaim Plaintiffs' Motion for Partial Summary Judgment.[1] (The "Memorandum Opinion"). The Court granted Plaintiffs/Counterclaim Defendants'

---

[1] D.I. 249.

Motion in part and denied the Motion in part.[2] The Court denied the Defendants/Counterclaim Plaintiffs' Motion for Partial Summary Judgment.[3]

2. Pursuant to Superior Court Rule 5(g)(4), the Memorandum Opinion was filed under seal.[4] Contemporaneously with the Memorandum Opinion, the Court issued a Notice of Intent to Unseal, stating it would "unseal the decision unless, within seven (7) days, the Court receives a written notice from either party setting the grounds for any continued restriction and requesting determination whether good cause exists therefore."[5]

3. The Court issued a public version of its Memorandum Opinion on December 16, 2024.[6] Having received no written notice from either party requesting redactions from the Memorandum Opinion by the deadline presented in the Notice of Intent to Unseal, the Court made the full contents of the Memorandum Opinion publicly available.

4. On January 21, 2025, more than a month after the Court filed a public version of the Memorandum Opinion, Plaintiffs filed a letter asking this Court to remove the public version of the Memorandum Opinion and replace it with a version which redacts certain text containing confidential information.[7] According to

---

[2] *Id*.
[3] *Id*.
[4] D.I. 250 at 1.
[5] *Id*. at 1-2.
[6] D.I. 257.
[7] D.I. 261

Plaintiffs, Defendants "believe that removal of information that is already in the public docket for an extended period of time is unnecessary," and "believe that the information sought to be sealed will necessarily become part of the public record at the upcoming trial," but "do not otherwise oppose this request."[8]

5. When a party fails to meet a deadline imposed by the Court, said party must show that its "failure to act was the result of excusable neglect."[9] Plaintiffs explain they "only recently became aware of [the] publicly filed confidential references during a meet-and-confer with counsel for Defendants on January 20, 2025."[10] Given that Defendants do not oppose Plaintiffs request, the Court finds the Plaintiffs' failure to respond with redactions by the deadline constitutes excusable neglect and will grant Plaintiffs' request.

6. The Court notes, however, that the Memorandum Opinion has been publicly accessible for over a month, and is available, in full, on Westlaw.[11] The Court delayed its public filing of the Memorandum Opinion for two weeks to give the parties the opportunity to redact information from the public version, but the parties failed to take that opportunity. The Court is unable to reverse any damage

---

[8] *Id*. at 2.
[9] Del. Super. Ct. Civ. R. 6(b).
[10] D.I. 261 at 2.
[11] *Movora LLC v. Gendreau*, 2024 WL 5118502 (Del. Super. Dec. 2, 2024).

which is potentially already inflicted by the existing public version of the Memorandum Opinion.

7.     Contemporaneously with this Order, the Court will issue a corrected redacted Memorandum Opinion and notify Westlaw of the same.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

DATED: January 23, 2025